IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
     FILED

   FEB  4 2010

CLERK, U.S. DISTRICT COURT
By _____
            Deputy
```

RICKY WAYNE HANDY          §
                          §
          Petitioner,      §
                          §
VS.                        §
                          §          NO. 3-09-CV-1286-K
RICK THALER, Director      §
Texas Department of Criminal Justice,   §
Correctional Institutions Division      §
                          §
          Respondent.      §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Ricky Wayne Handy, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged by indictment with robbery, a second-degree felony under Texas law.

The indictment also contained two enhancement paragraphs alleging prior felony convictions for

possession of a controlled substance and credit card abuse. Pursuant to a written plea agreement,

petitioner pled guilty to the robbery charge and true to both enhancement allegations in exchange

for a sentence of 10 years deferred adjudication probation and a $1,000 fine. While on probation,

petitioner was charged with a new offense. The trial court found the allegation true, adjudicated

petitioner guilty of the underlying robbery offense, and sentenced him to 25 years confinement. His

conviction and sentence were affirmed on direct appeal. *Handy v. State*, No. 05-06-00581-CR, 2006

WL 3008516 (Tex. App.--Dallas, Oct. 24, 2006, no pet.) Petitioner also filed an application for state

post-conviction relief. The application was denied without written order on the findings of the trial

court. *Ex parte Handy*, WR-72,096-01 (Tex. Crim. App. Jun. 10, 2009).  Petitioner then filed this action in federal district court.

## II.

In his sole ground for relief, petitioner contends that he received ineffective assistance of counsel in connection with his guilty plea because his attorney failed to discover that one of the prior convictions alleged in the indictment was a state jail felony that could not be used for enhancement purposes.[1]

## A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).  To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064.  Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1); *see also*

---

[1] As part of his answer, respondent argues that this claim is barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 5-10).  The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Coker v. Thaler*, ___ F.Supp.2d ___, 2009 WL 3849647 at *2 (N.D. Tex. Nov. 16, 2009) ("Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits.").

*Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases) (holding that both prongs of the *Strickland* test present a mixed question of law and fact that is reviewed under section 2254(d)(1)).  A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000).  A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill*, 2009 WL 2448499 at *5 (citing cases).  This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002).

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009).  When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application

of that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

### B.

The state habeas court determined that petitioner's attorney failed to discover that one of the prior convictions alleged in the indictment was for possession of less than one gram of cocaine--a state jail felony that could not be used to enhance a sentence for the second-degree felony offense of robbery. *Ex parte Handy*, WR-72,096-01, Tr. at 179-80, ¶¶ 7-12. However, the state court also found that petitioner was sentenced to penitentiary time for three other felony convictions that were not alleged in the indictment, but could have been used by the state for enhancement purposes. *Id.*, Tr. at 180, ¶ 15.[2] Because the state likely would have substituted the other felony convictions had counsel objected to the defective drug conviction, the state court concluded that petitioner was not prejudiced by counsel's representation. *See id.*, Tr. at 181, ¶¶ 19-23. Petitioner offers no evidence, much less clear and convincing evidence, to rebut that finding. Instead, he argues only that "it is entirely concievable [sic] that the state would have forgone the additional enhancement paragraph[]" because such an offer was made during the course of plea negotiations. (*See* Pet. Am. Mem., 9/22/09 at 3). This assertion is not supported by the record and does not provide a basis for federal habeas relief.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[2] The other convictions were for: (1) theft over $750, a third-degree felony, in Case No. F83-A0150-MU; (2) possession of a controlled substance, a second-degree felony, in Case No. F89-83466-VR; and (3) credit card abuse, a third-degree felony, in Case No. F89-92716-NR. *See Ex parte Handy*, WR-72,096-01, Tr. at 180, ¶ 15.

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   February 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE